UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

                                                  Case No. DK 16-03869

MICHAEL J. ARONEY,                    Hon. Scott W. Dales

                                                  Chapter 7

          Debtor.

_____/

GARMIN WÜRZBURG GMBH,

                                                Adversary Pro. No. 16-80318

          Plaintiff,

v.

MICHAEL J. ARONEY,

          Defendant.

_____/

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                        Chief United States Bankruptcy Judge

By the time a court holds a hearing to consider a motion for default judgment under Rule 37(b) of the Federal Rules of Civil Procedure,[1] a litigant who has failed to produce documents or answer interrogatories after being ordered to do so should have a plausible explanation for the failure. The court held such a hearing in this case on June 8, 2018, in Kalamazoo, Michigan, and gave defendant Michael J. Aroney an opportunity to offer an excuse for the acknowledged default.

At the conclusion of the hearing, after admitting two multi-document exhibits that plaintiff Garmin Würzburg GmbH ("Garmin") offered without objection, and rejecting one

_____

[1] Any reference to a "Rule" in this opinion is either to the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, as indicated by the numbering convention of each set of rules.

exhibit from Mr. Aroney on relevance grounds, the court took the matter under advisement.

Having weighed the evidence, it has determined to grant Garmin's Motion for Default

Judgment and Other Discovery Sanctions (the "Motion," ECF No. 34) for the reasons, and

to the extent, provided herein.

Garmin grounds its motion on Rule 37(b), which provides in relevant part as

follows:

> If a party . . . fails to obey an order to provide or permit
> discovery, including an order under Rule . . . 37(a), the court
> where the action is pending may issue further just orders.
> They may include the following:
>
> (i) directing that the matters embraced in the order or other
> designated facts be taken as established for purposes of the
> action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or
> opposing designated claims or defenses, or from introducing
> designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient
> party; or
>
> (vii) treating as contempt of court the failure to obey any
> order except an order to submit to a physical or mental
> examination.

*See* Fed. R. Civ. P. 37(b)(2)(A) (applicable to this adversary proceeding under Fed. R.

Bankr. P. 7037).  Here, Garmin is relying on the court's Discovery Order & Sanctions

Award (the "Rule 37(a) Order," ECF No. 31) as the predicate for sanctions under Rule

37(b).  The Rule 37(a) Order, entered after a hearing at which Mr. Aroney was represented

by counsel who could offer no opposition to its entry, required Mr. Aroney to produce

documents and serve answers to interrogatories on or before April 16, 2018.  The deadline under the Rule 37(a) Order amounted to an extension of approximately five weeks beyond the original deadlines for responding to Garmin's initial discovery requests, which Garmin duly served on or about February 8, 2018 -- a week after entry of the Case Management Order (ECF No. 26).

Although the Motion seeks judgment by default under Rule 37(b)(2)(A)(vi), the court is obliged to consider lesser sanctions, including sanctions from among those enumerated in the rule.  Moreover, during the hearing, in response to Mr. Aroney's proffer of a financial exhibit, Garmin's counsel argued that the exhibit was not relevant to the issues presented in the Motion, but agreed that the evidence might be considered at a later hearing to establish the amount of his client's claim.  This concession suggests that the full consequences of default -- complete exclusion from future proceedings -- were not in fact contemplated within Garmin's Motion.  Instead, it appears that, as a discovery sanction, Garmin is seeking to establish that the debt of Mr. Aroney is one for actual fraud within the meaning of 11 U.S.C. § 523(a)(2), under a fraudulent transfer theory suggested by the Supreme Court's recent decision in *Husky Int'l Electronics, Inc. v. Ritz*, 136 S. Ct. 1581 (2016).  This less severe relief is more akin to the remedy described in Rule 37(b)(2)(A)(ii) than in (vi), leaving only the quantification of Garmin's damages for future decision.  *See* Fed. R. Civ. P. 54(b).  Admittedly, as a practical matter the two forms of relief are nearly equivalent.  *United Steelworkers, Local 1-1000 v. Forestply Indus., Inc.*, Slip Op. No. 2:08–cv–281, 2011 WL 1210132 (W.D. Mich. April 1, 2011).

The Sixth Circuit requires trial courts considering whether to impose default judgment as a discovery sanction to evaluate the following factors:  (1) whether the

disobedient defendant had the ability to comply with discovery; (2) whether the defendant's failure to cooperate in discovery amounts to willfulness, bad faith, or fault; (3) whether the plaintiff suffered prejudice; (4) whether the defendant had notice or was warned that the defendant's failure to cooperate in discovery could lead to the sanction of a default judgment; and (5) whether less drastic sanctions were imposed or considered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073–74 (6th Cir. 2005).

A party who has failed to participate in discovery bears the burden of proving that the failure resulted from an inability to comply, rather than willfulness or bad faith. Indeed, in the absence of an explanation, the court may presume that the failure to comply with a discovery order is bad faith. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *Beckwith v. Robert Bosch Fuel Sys. Corp.*, Slip Op. No. 1:04-CV-791, 2006 WL 760314, at *2 (W.D. Mich. Mar. 23, 2006). For this reason, the court encouraged Mr. Aroney to testify at the hearing.

As for the first two *Abbe* factors, despite more than an hour of testimony from Mr. Aroney, the court concludes that his failure to participate in discovery and comply with the Rule 37(a) Order is not the product of some inability to comply, but instead is the product of Mr. Aroney's willfulness. Mr. Aroney testified that he discussed the document production request with his then-counsel, Benjamin White, and reviewed some documents with him in Grand Rapids. For some undisclosed reason, however, Mr. Aroney did not leave the documents with Mr. White for him to produce to Garmin as required. His testimony about the time-frame for this review was indefinite, and much of his testimony was similarly evasive, inspiring little confidence in his sincerity. If he were able to produce

at least some documents to his counsel during the supposed meeting, it follows that he had the capacity to produce them to Garmin, yet he did not.

Indeed, he claimed to have somewhere between four and nine boxes of documents, and was only waiting for instructions from Garmin's counsel about where to deliver them. This is an implausible assertion given that, at the relevant time, Mr. Aroney was himself represented by counsel who had been in communication with opposing counsel. The court regards the offer as an obvious delaying tactic. Moreover, Mr. Aroney certainly understood that Garmin would be represented at the June 8, 2018 hearing, yet he did not even bring the supposed boxes to court. Instead, on the stand, he testified that he had some responsive documents stored on his cell phone, and some at his New Buffalo home.

Mr. Aroney's suggestion that he was working two or three jobs and that his schedule prevented him from producing documents or answering interrogatories was not credible and did not hold up on cross-examination, where the timing of his supposed professional engagements became less clear. Moreover, in the court's experience, many litigants in bankruptcy court work several jobs and somehow manage to participate in their own defense.

Even assuming, *arguendo*, that a high volume of documents presented logistical difficulties for Mr. Aroney and his former counsel, Mr. Aroney offered no reason for failing to answer interrogatories -- a straightforward exercise that, in federal court, does not even require the involvement of a notary public. Even if his work schedule prevented him from locating a notary public during a weekday, he certainly could have answered Garmin's interrogatories at any time after service and before the hearing on the Motion and simply added the statutory declaration at the end of the document before his signature. *See* 28

U.S.C. § 1746; Fed. R. Civ. P. 43(b) (applicable through Fed. R. Bankr. P. 9017).  He made no effort to do so.

The impression of willfulness that remained after Mr. Aroney's testimony finds additional support in the exhibits that Garmin offered without objection, including the statements of Mr. White in the transcript of the hearing leading up to the Rule 37(a) Order, the discovery issues noted in a pre-bankruptcy arbitral award, and the affidavits from Mr. Peel describing a similar pattern of delay and gamesmanship in this case and in pre-bankruptcy litigation by Mr. Aroney.  This leopard evidently has not changed his spots, even while seeking to discharge a substantial and long-standing debt to Garmin.  The court finds that Mr. Aroney was able to comply with his discovery obligations before and after entry of the Rule 37(a) Order, but refused to do so, willfully.

As for prejudice -- the third *Abbe* factor -- the court acknowledges that delay by itself does not establish prejudice.  Here, however, given the tight discovery deadlines the court adopted in consultation with the parties, Mr. Aroney's recalcitrance prevented Garmin from obtaining the documentation of the transfers and other transactions that he allegedly effected through several affiliates in order to defeat Garmin's rights as judgment creditor.  The five months allotted under the Case Management Order (ECF No. 26) for fact discovery was ambitious, but the court adopted this schedule in consultation with the parties, after the initial pretrial conference (conducted over a year after the commencement of the case, following initial motion practice and supposed settlement discussions) at which Mr. Aroney was represented by counsel.  The court did so in large part to mitigate the burden on Mr. Aroney, the anticipated target of the discovery requests, but also in response

to the delays that had already occurred in the case and the extensive pre-bankruptcy litigation between the parties.

The Case Management Order, therefore, required Garmin to act diligently in requesting discovery in order to meet the May 18, 2018 deadline for fact discovery. Garmin promptly pursued document production and written discovery from Mr. Aroney, before making any effort to depose him in this matter.  Typically, this pre-examination preparation leads to more productive and frequently shorter depositions, with benefits for both sides.  Here, however, Mr. Aroney's willful failure stymied these efforts, prejudicing Garmin's ability to pursue discovery within the time the court prescribed and in a cost-effective manner.

By the time of the hearing on the Motion, the deadline for fact discovery (as opposed to expert discovery) had passed, foreclosing Garmin from obtaining the information necessary to establish Mr. Aroney's alleged fraud.  Certainly, Garmin could have sought an extension of the deadline, but it hardly seems fair to require the diligent party who has observed the court's process to go to any expense to extend deadlines in an effort to protect a litigant who has willfully thwarted the same process.  Garmin has had to file a motion to compel discovery and the current Motion, at considerable expense -- expense that Rule 37 and the Rule 37(a) Order required Mr. Aroney to bear, but that he says he is unable to shoulder except perhaps in installments.  Under the circumstances of the case, the court finds that Mr. Aroney's antics have prejudiced Garmin's ability to establish its claim. *Cf.  United Constr. Prods. v. Tile Tech, Inc.*, 843 F.3d 1363, 1370 (Fed. Cir. 2016) ("[w]here one party withholds evidence, repeatedly declines to truthfully respond to discovery requests or comply with the District Court's rules, and fails to

properly designate witnesses and exhibits during discovery, such conduct prejudices an opposing party's ability to reach a rightful disposition of the case"). Given the history between the parties, and Mr. Aroney's apparent belief that Garmin should make do with the fruits of pre-bankruptcy discovery (including in supplemental proceedings), the court doubts that any extension of discovery deadlines would make any difference or in any way mitigate the prejudice.

Finally regarding the *Abbe* factors, the court has considered less draconian sanctions but is persuaded in part by the litigation history described in the exhibits (and observed in this proceeding) and in part by Mr. Aroney's demeanor and testimony, that a sanction less severe than a quasi-judgment by default would likely be feckless. First, the Rule 37(a) Order itself afforded Mr. Aroney a modest extension of the deadline for meeting his discovery obligations. Second, the same order expressly warned Mr. Aroney that continued failure to meet his discovery obligations might result in additional sanctions, including judgment by default.

A sophisticated, litigation-savvy defendant, such as Mr. Aroney, who is able to comply with discovery obligations but refuses or fails to comply without a meaningful excuse, particularly after entry of an order compelling compliance, cannot be surprised if his contempt or even insouciance results in forfeiture of the opportunity to defend, irrespective of the stakes. Litigation is expensive, and unwarranted delay is prejudicial and anathema to the rule of law.

For the foregoing reasons, as a discovery sanction the court will treat as established in this proceeding that the debt of Mr. Aroney to Garmin described in the Amended Complaint is one for actual fraud within the meaning of 11 U.S.C. § 523(a)(2), under a

fraudulent transfer theory suggested by the Supreme Court's recent decision in *Husky Int'l Electronics, Inc. v. Ritz*, 136 S. Ct. 1581 (2016). The amount of Garmin's claim will be the subject of a subsequent hearing as contemplated in the Motion at p. 11, ¶ C. Mr. Aroney may participate in the hearing notwithstanding his obvious default in meeting his litigation obligations so far. If he elects to participate, the court encourages him to retain counsel.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 34) is GRANTED to the extent provided herein and the debt of Mr. Aroney to Garmin described in the Amended Complaint shall be treated as a debt for actual fraud within the meaning of 11 U.S.C. § 523(a)(2) and *Husky Int'l Electronics, Inc. v. Ritz*, 136 S. Ct. 1581 (2016).

IT IS HEREBY ORDERED that the Clerk shall schedule a status conference to discuss the steps necessary to conclude this litigation, including by establishing the amount of the debt to be excepted from discharge, and the additional fees and costs to be awarded to Garmin for bringing the Motion.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Michael J. Aroney, Drew George Peel, Esq., and Nicole Mirjanich, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 11, 2018**



Scott W. Dales
United States Bankruptcy Judge